## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IN RE: CHILDREN'S NATIONAL
SUBPOENA NO. 25-1431-028

Case No. 26-cv-1825-JRR

## RESPONSE IN OPPOSITION

The United States of America respectfully submits this opposition to Plaintiff Children's

National Hospital's ("Plaintiff") civil action to limit the subpoena that the Government served in

summer 2025.  Because the Court has already issued a detailed opinion on many of the

arguments Plaintiff advances, the Government will rely on its prior briefing on those issues—

filed as an attachment to this brief—to address those arguments.  The Court need not revisit those

issues, however, because Plaintiff's motion is entirely time-barred and barred by sovereign

immunity.  The Court should deny the motion.

## BACKGROUND

On July 14, 2025, the Government served an administrative subpoena on Plaintiff.  ECF 2-

3.  Over the ensuing months, Plaintiff repeatedly met with the Government about its compliance

with the subpoena and indicated it intended to comply, although Plaintiff did express concerns

about producing patient information in compliance with the subpoena.  ECF 2-1 at 12.  The

Government worked with Plaintiff to address its concerns, but Plaintiff produced only about 130

documents (Plaintiff did not produce any patient medical records) over the course of about nine

months. Because other compliant institutions had by that time produced thousands of responsive

documents, the Government asked Plaintiff in late March about whether it would fully comply. Plaintiff then stated that it would not produce patient records, and subsequently filed this action.

Meanwhile, on January 21, 2026, in an action filed by a small group of anonymous patients, this Court quashed the portions of the challenged subpoena that sought medical records of the named plaintiffs in that action. *In re Children's Nat'l Hosp.*, No. 25-cv-03780-JRR, 2026 WL 160792, at *9 (D. Md. Jan. 21, 2026). Plaintiff was not a party to those proceedings.

## ARGUMENT

The Court need not accept Plaintiff's invitation to wade back into the political depths Plaintiff plumbs in its brief, because Plaintiff's motion is time barred and also barred by sovereign immunity. Congress set an inflexible deadline for actions to quash HIPAA subpoenas: the return date on the face of the subpoena. 18 U.S.C. § 3486(a)(5) ("At any time before the return date specified in the summons, the person or entity summoned may, in the United States district court for the district in which that person or entity does business or resides, petition for an order modifying or setting aside the summons[.]"). That deadline for this subpoena was August 7, 2025—a long time ago.

Plaintiff's action is therefore untimely. "[I]f the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). In fact, this Court previously found that the patient plaintiffs' motion was *not* time-barred because they were not the recipients of the subpoena and had no notice of it. *In re Children's Nat'l Hosp.*, 2026 WL 160792, at *6. The clear implication of this Court's ruling is that Plaintiff's current motion *is* time-barred because it *was* the recipient and did have full notice of it.

The Supreme Court has held that a recipient's "ability to challenge a[n administrative] subpoena is cabined by strict procedural requirements." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S.

735, 746 (1984). Indeed, statutory deadlines for challenges to Government subpoenas are important, and the Government can properly insist on compliance with them. *E.g.*, *Hernandez v. Dep't of Def.*, No. 24-mc-29, 2025 WL 262353, at *1 (E.D. Va. Jan. 21, 2025) ("[B]ecause Hernandez was personally served the subpoena, he had ten days to file a motion to quash the subpoena in this Court . . ." and because the plaintiff filed the challenge "one month after the statutory deadline had passed," the action was "time-barred").

Plaintiff has not explained how this action is timely; Plaintiff does not describe an extension of the return date of the subpoena, nor does Plaintiff point to any justification for filing its motion many months after the statutory deadline.[1] Nor should the Court permit Plaintiff to make such an argument for the first time in its reply brief. *E.g.*, *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004). To the extent that Plaintiff may argue that Rule 45 gives this Court the discretion to overcome a statutory time bar set by Congress, it is incorrect. *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986) ("The Advisory Committee's Notes to Rule 45 state that it does not apply to administrative subpoenas."). The Court therefore lacks any statutory authority to adjudicate this civil action, and should dismiss this action in its entirety as time-barred.

Because Plaintiff's action is untimely, it is also barred by sovereign immunity under the Court's prior ruling. To wit, the motion-to-quash provision at 18 U.S.C. § 3486(a)(5) provided an express sovereign immunity waiver for Plaintiff to bring, as this Court has described, a civil

---

[1] To the extent Plaintiff may suggest that the typical back-and-forth between the Government and Plaintiff about its subpoena compliance could somehow justify its time-barred motion or that it preserved timeliness by sending emails to the Government, Plaintiff is incorrect as the Government never extended the return date—which is the statutory deadline. *See Thomas v. United States Dep't of Interior*, No. 217CV405FTM99MRM, 2017 WL 3172407, at *3 (M.D. Fla. July 24, 2017) (rejecting the argument that "an informal oral or written objection" extended the statutory deadline to challenge an administrative subpoena).

action against the Government prior to the return date on the subpoena.  Plaintiff did not do so, and therefore cannot locate another source of law that would provide a sovereign immunity waiver to Plaintiff.  Unlike the patients in the prior action—whom the Court ruled lacked an adequate judicial remedy and therefore could use the APA, 2026 WL 160792, at *5-*6—Plaintiff had an eminently "adequate remedy in a court" but simply did not use it.  Because waivers of sovereign immunity are strictly construed in favor of immunity, *Rsch. Triangle Inst. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 132 F.3d 985, 988 (4th Cir. 1997), Plaintiff's action is barred.

As to Plaintiff's arguments on the merits, the Government understands that the Court has already opined on them as to this subpoena.  In the interest of efficiency, the Government therefore directs the Court to its prior briefing on these topics submitted in 25-cv-3780, attached as an exhibit hereto for reference.  *See* Ex. 1.  Specifically, the Government addressed the proper purpose of the investigation and the arguments about the statutory coverage of the FDCA in its Memorandum of Law in Opposition to Motion to Quash Subpoena at pp. at 14 – 17.  The Government addressed the privacy concerns at pp. 17 – 24.

Dated: this 5th day of June 2026.


Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation Branch

_/s/ Patrick R. Runkle_
ROSS S. GOLDSTEIN (Bar No. 15700)
PATRICK R. RUNKLE
Assistant Directors

SCOTT B. DAHLQUIST
STEVEN R. SCOTT
Trial Attorneys

United States Department of Justice
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
Tel:  (202) 353-4218
Fax: (202) 514-8742
Ross.Goldstein@usdoj.gov