**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re: Children's National Subpoena No. 25-1431-028 | Case No. 8:26-cv-01825-JRR |

**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Movant Children's National Hospital ("CNH") respectfully submits this Notice of Supplemental Authority in support of its pending Motion to Limit Subpoena Duces Tecum (the "Motion"), which seeks to limit an administrative subpoena issued by the U.S. Department of Justice ("DOJ") pursuant to 18 U.S.C. § 3486, demanding, in part, patient records protected by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq*. Dkt. No. 2. Since the parties completed briefing the Motion earlier this month, two federal district courts have issued decisions enjoining DOJ from enforcing substantially similar subpoenas[1] seeking the same type of highly sensitive information of those hospitals' gender affirming care patients.

On July 2, 2026, the U.S. District Court for the Northern District of California granted provisional class certification and a preliminary injunction enjoining DOJ from obtaining private medical records of plaintiff—patients who received gender affirming care at Lucile Packard Children's Hospital at Stanford. *Z.A. v. Blanche*, No. 5:26-cv-04998 (N.D. Cal. July 2, 2026), attached hereto as Exhibit A.

Similarly, on July 6, 2026, the U.S. District Court for the Southern District of New York extended provisional class certification and granted a preliminary injunction restraining and

---

[1] The subpoenas in those two cases were issued by a grand jury in the Southern District of Texas, unlike the administrative subpoena at issue here. Nonetheless, this distinction is immaterial and has no bearing on issues before the Court, including sovereign immunity and constitutional privacy rights.

enjoining: (1) DOJ from "seeking, receiving, using, retaining, or disseminating any identifying or sensitive health information of Plaintiffs and members of the Class"; and (2) NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine from "disclosing or producing any identifying or sensitive health information of Plaintiffs and members of the NYU Subclass to the DOJ Defendants." *Coe v. Blanche*, No. 1:26-cv-04641 (S.D.N.Y. July 6, 2026), attached hereto as Exhibit B. Plaintiffs—and the similarly situated members of the class—are minors, their parents, and young adults who received medically necessary gender affirming medical care in the New York City area.

Copies of the orders issued in *Z.A. v. Blanche* and *Coe v. Blanche* are attached as Exhibits A and B, respectively.

Dated: July 15, 2026

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Steven Shipe*
Steven D. Shipe (Bar No. 1306190282)
John E. Kelly (*pro hac vice*)
Jacquelyn Papish (*pro hac vice*)
Victor Obasaju (*pro hac vice*)
Barnes & Thornburg, LLP
555 12th Street, NW, Suite 1200
Washington, D.C. 20004
Steven.Shipe@btlaw.com
JKelly@btlaw.com
Jackie.Papish@btlaw.com
VObasaju@btlaw.com

Telephone: (202) 831-6731

*Counsel for Children's National Hospital*

2